IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Travelers Property Casualty Company of America, <br><br> Plaintiff, <br><br> v. <br><br> Anthony Kelly, <br><br> Defendant. | Case No. 2:25-cv-13211-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on Plaintiff's Motion for Partial Judgment on the Pleadings and Plaintiff's Motion for Stay of Discovery and Protective Order. (Dkt. Nos. 17, 18). Defendant responded (Dkt. Nos. 21, 22) and Plaintiff replied (Dkt. Nos. 23, 24). This matter is now ripe for ruling.

I.  **Background**

Defendant brought an action in the Charleston County Court of Common Pleas against "John Doe, Uninsured Driver," alleging that he suffered injuries after being struck by an unknown driver "while he was using his tow truck in association with assisting an individual with a disabled vehicle." (Dkt. No. 1-5 at 3). In a notarized statement responding to written questions propounded by Plaintiff, Defendant stated he had been out of the tow truck for "about 20 minutes" and was struck while "putting safety cones and an emergency light" some distance from the tow truck and the disabled vehicle which he was trying to assist. (Dkt. No. 1-3 at 3–4, 10). The state court complaint alleges that the John Doe defendant was negligent in the operation of his vehicle, which included failing to keep a proper lookout and operating his vehicle in a grossly negligent, willful, reckless and wanton manner. (Dkt. No. 1-5 at 4).

1

At the time of the accident, Defendant was working for Kale's Truck and Heavy Equipment ("Kale's") and was using one of its tow trucks. Kale's was previously issued the Business Auto Coverage policy number 810-5S980297 ("Policy") by Plaintiff. (Dkt. No. 1-6). The Policy includes an uninsured motorist endorsement providing uninsured motorist coverage of $1,000,000 per accident. *Id.* Defendant made a claim with Plaintiff alleging he is entitled to uninsured motorist coverage benefits provided under the Policy. (Dkt. No. 1 at 2). Plaintiff denied coverage to Defendant because he does not meet the definition of an "insured" under the terms of the Policy. *Id.* at 3.

Plaintiff filed this federal court declaratory judgment action pursuant to a reservation of rights to determine the respective rights and obligations of Plaintiff and Defendant under the Policy. Plaintiff's action asserts that the uninsured motorist coverage in the Policy does not provide coverage for this accident since Defendant is not "insured" under the Policy because Defendant was not "occupying" the vehicle at the time of the accident. (Dkt. No. 1 at 5). "Occupying" a vehicle under the Policy means "in, getting in, on, out or off" the vehicle. (Dkt. No. 1-6 at 23). Plaintiff further asserts that Defendant was not covered by the Policy because of an exclusion for persons "using a vehicle without a reasonable belief he is entitled to do so." (Dkt. No. 1 at 5).

In his answer, Defendant asserted breach of contract and bad faith counterclaims. He alleges that he "was operating a covered vehicle and was an insured under the Travelers' policy for purposes of uninsured motorist coverage," and as such Plaintiff's denial of his claim was in bad faith and a breach of the contract. (Dkt. No. 9 at 4). Plaintiff brings the present motion for partial judgment on the pleadings on the counterclaims. (Dkt. No. 17). At the same time, Plaintiff also brings its motion to stay discovery and protective order pending resolution of the motion for partial judgment on the pleadings. (Dkt. No. 18).

## II.    Legal Standard

### A.  Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 2 (D.S.C. Aug. 28, 2013). The court's review is therefore limited to the pleadings, *Abell Co. v. Balt. Typographical Union* No. 12, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1. The pleadings on a Rule 12(c) motion should be construed in the light most favorable to the non-movants. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002).  "Rule 12(c)motions are governed by the same standard as motions brought under Rule 12(b)(6)." *Massey v. Ojanit*, 759 F.3d 343,347 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  "To survive a motion to dismiss under Rule 12(b)(6) [or 12(c)] of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The "court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (internal quotations omitted).

3

## III.    Discussion

### A.  Plaintiff's Motion for Judgment on the Pleadings

#### i.   Breach of Contract

Plaintiff argues it is entitled to judgment on Defendant's breach of contract counterclaim because Defendant is not a party to the insurance contract at issue since it is between Plaintiff and Kale's. (Dkt. No. 17 at 4–5). Plaintiff also argues that regardless of whether Defendant is a party to the contract, this counterclaim is premature because an insured must obtain a judgment establishing the uninsured driver's liability before he can bring a breach of contract claim against an insurance company to recover uninsured motorist benefits. In response, Defendant argues that he is a third-party beneficiary able to bring his counterclaim because he qualifies as an insured under the language of the contract. (Dkt. No. 21 at 4–5).

 "The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009). "Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff." *Bob Hammond Const. Co. v. Banks Const. Co.*, 440 S.E.2d 890, 891 (S.C. Ct. App. 1994). "However, if a contract is made for the benefit of a third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person." *Id.*

Plaintiff is entitled to judgment on Defendant's breach of contract counterclaim because Defendant is not a party or intended third-party beneficiary to the insurance contract. Defendant is not identified as a contracting party in the insurance contract. (Dkt. No. 1-6).  Thus, he can only

bring his claim as a third-party beneficiary if "the contracting parties intended to create a direct [benefit]" for him. *Bob Hammond*, 440 S.E.2d at 891. Defendant argues that as a potential insured under the contract he is able to maintain his counterclaim as a third-party beneficiary. Defendant cites *Bob Hammond* for the proposition he need not be a named party to the insurance contract to maintain a breach of contract claim. (Dkt. No. 21 at 4–5). But this reliance is misplaced. In *Bob Hammond*, the court ruled that a subcontractor could not bring a breach of contract claim as a third-party beneficiary merely because "it might ultimately and indirectly benefit from the contract between the named parties." *Bob Hammond*, 440 S.E.2d at 892. Similarly here, while Defendant may ultimately benefit from the contract if he is able to establish he is insured, this does not allow him to sue for breach of contract as a third-party beneficiary. As such, Defendant's breach of contract counterclaim fails because he is not a party or intended third-party beneficiary to the insurance contract.

Even if Defendant is a party or third-party beneficiary to the contract because of his insured status, his counterclaim still fails because it is premature. Under South Carolina Law "[r]ecovery under [an] uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist." *Lawson v. Porter,* 180 S.E.2d 643, 644 (S.C. 1971); *see Halmon v. Am. Int'l Grp. Ins. Co.*, 586 F. Supp. 2d 401, 404–05 (D.S.C. 2007) (dismissing a breach of contract claim for UIM benefits as premature since the insured had not yet established the liability of the at-fault driver). Since Defendant has not yet established the liability of the at-fault driver in the state court proceeding, Plaintiff cannot have breached its contract with Defendant by refusing to disburse benefits. The court therefore will dismiss Defendant's breach of contract counterclaim.

### ii. Bad Faith

Plaintiff argues it is entitled to judgment on Defendant's bad faith counterclaim because he has not sufficiently alleged the existence of a mutually binding insurance contract, and as such he cannot bring his counterclaim. (Dkt. No. 17 at 5–6). In response, Defendant argues that even though he is not a named insured or party under the contract, he can still bring his counterclaim as an insured. *Id.*

"Bad faith is a knowing failure on the part of the insurer to exercise an honest and informed judgment in processing a claim." *Am. Fire & Cas. Co. v. Johnson*, 504 S.E.2d 356, 358 (S.C. Ct. App. 1998). A cause of action for bad faith against an insurance company requires four essential elements: (1) the existence of a mutually binding contract of insurance between the parties; (2) a refusal by the insurer to pay benefits due under the insurance contract; (3) the insurer acted in bad faith or unreasonably in failing to settle within policy limits, in breach of an implied covenant of good faith and fair dealing arising under the contract; and (4) the insurer's conduct caused damage to the insured. *Snyder v. State Farm Mut. Auto. Ins. Co.*, 586 F. Supp. 2d 453, 457 (D.S.C. 2008); *Howard v. State Farm Mut. Auto Ins. Co.*, 450 S.E.2d 582, 586 (S.C. 1994). The South Carolina Supreme Court has stated that "[a] tort action for an insurer's bad faith refusal to pay benefits does not extend to third parties who are not named insureds." *Kleckley v. Northwestern National Casualty Co.*, 526 S.E.2d 218, 219 (S.C. 2000) ("[O]ur courts have repeatedly held that you must be the named insured to recover for bad faith refusal to pay benefits."); *Gaskins v. Southern Farm Bureau Cas. Ins. Co.*, 541 S.E.2d 269, 272 (S.C. Ct. App. 2000) ("South Carolina does not recognize a third-party action for the bad faith refusal to pay insurance benefits.").

Plaintiff is entitled to judgment on this counterclaim because Defendant fails to allege the existence of a mutually binding insurance contract. As discussed above, Defendant is not a party

to the Policy. (Dkt. No. 1-6).  Accordingly, there is no mutually binding insurance contract between Plaintiff and Defendant, which is a prerequisite for bringing a bad faith claim. *Howard*, 450 S.E.2d at 586. Likewise, Defendant is not a named insured under the Policy. *Id.* He therefore is a third party to the Policy. Thus, Defendant cannot bring his bad faith counterclaim because under South Carolina law only "named insured[s can] recover for bad faith refusal to pay benefits." *Kleckley*, 526 S.E.2d at 219; *see Auto-Owners Ins. Co. v. Woodland Mobile Home Park, LLC*, No. 6:15-910-HMH, 2015 WL 11027032, at *3 (D.S.C. July 28, 2015) (dismissing a claim for UIM because the injured individual was a third party to the insurance contract).

Defendant attempts to save his counterclaim by arguing that under this court's ruling in *UFP Eastern Division., Inc. v. Selective Insurance Company of S.C.*, he can bring his counterclaim as an additional insured. No. 2:24-cv-01295-RMG, 2025 WL 4230471 (D.S.C. July 15, 2025). In *UFP*, this court found that an additional insured, who had contracted for its insured status, could maintain a bad faith claim against the insurer. *Id.* at *5. Accordingly, Defendant argues that even though he is not a name insured, he is an additional insured under the contract and thus can bring his counterclaim. (Dkt. No. 21 at 6–8). This argument fails because the rationale in *UFP* does not apply here.  Unlike the additional insured in *UFP*, Defendant did not contract for his status under the Policy. *UFP*, 2025 WL 4230471, at *1. As such, Defendant's bad faith counterclaim fails.

Lastly, to the extent Defendant's second cause of action also asserts a negligence counterclaim, the court concludes that Defendant fails to state a plausible counterclaim for negligence. The crux of this counterclaim is that Plaintiff was negligent in the investigation, evaluation, and handling of Defendant's uninsured motorist claim. (Dkt. No. 9 at 5–6). Any negligence counterclaim is duplicative of the bad faith counterclaim, and a freestanding counterclaim of negligence is improper in these specific circumstances. *See Maranto v. State Farm*, No. 2:98-cv-03131-PMD,

ECF No. 19 at pp. 3–4 (filed Aug. 11, 1999) (explaining that while an insurer's negligence can be considered in a bad faith claim, "no authority support[s] the existence of a separate, free-standing claim of negligence in such circumstances" (ellipsis omitted)); *Kraemer v. Massachusetts Mut. Life Ins. Co.*, No.2:15-cv-04571-CWH, 2017 WL 5635469, at *6 (D.S.C. Apr. 28, 2017) ("Based on the South Carolina elements of bad faith it appears that [the plaintiff]'s negligence claim is better suited as a bad faith claim." (internal footnote omitted)), *aff'd*, 701 F. App'x 268 (4th Cir. 2017). The court therefore will dismiss Defendant's bad faith counterclaim.

### B. Plaintiff's Motion to Stay Discovery

Since the court is granting Plaintiff's motion for partial judgment on the pleadings, this moots the issues in the motion to stay discovery and renders the granting of any stay of discovery futile. *See Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (noting a "change in factual circumstances can moot a case on appeal, such as . . . when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff") (internal citations omitted).

## IV.   Conclusion

In light of the foregoing, Plaintiff's Motion for Partial Judgment on the Pleadings as to Defendant's Counterclaims is **GRANTED** (Dkt. No 17) and Plaintiff's Motion for Stay and Protective Order is **DENIED AS MOOT**. (Dkt. No. 18).

**AND IT IS SO ORDERED.**

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 15, 2026
Charleston, South Carolina