**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Travelers Property Casualty Company of America,<br><br>    Plaintiff,<br>  v.<br><br>Anthony Kelly,<br><br>    Defendant. | Case No. 2:25-cv-13211-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on nonparty Movants Levi Kale's and Michael Wade Kale's Motion to Quash Subpoenas. (Dkt. No. 19). Defendant responded (Dkt. No. 25) and Movants replied (Dkt. No. 26). This matter is now ripe for ruling.

**I.    Background**

Defendant brought an action in the Charleston County Court of Common Pleas against "John Doe, Uninsured Driver," alleging that he suffered injuries after being struck by an unknown driver "while he was using his tow truck in association with assisting an individual with a disabled vehicle." (Dkt. No. 1-5 at 3). At the time of the accident, Defendant was working for Kale's Truck and Heavy Equipment ("Kale's") and was using one of its tow trucks. (Dkt. No. 1 at 1–4). Defendant worked out of Kale's Jedburg plant in Summerville, South Carolina and his manager was Michael Wade Kale. (Dkt. No 1-4 at 2). Kale's was previously issued the Business Auto Coverage policy number 810-5S980297 ("Policy") by Plaintiff. (Dkt. No. 1-6). The Policy includes an uninsured motorist endorsement providing uninsured motorist coverage of $1,000,000 per accident. *Id.* Defendant made a claim with Plaintiff alleging he is entitled to uninsured motorist coverage benefits provided under the Policy. (Dkt. No. 1 at 2). Plaintiff denied coverage to

Defendant because he does not meet the definition of an "insured" under the terms of the Policy. *Id.* at 3.

Plaintiff filed this federal court declaratory judgment action pursuant to a reservation of rights to determine the respective rights and obligations of Plaintiff and Defendant under the Policy. Plaintiff's action asserts that the uninsured motorist coverage in the Policy does not provide coverage for this accident since Defendant is not "insured" under the Policy because Defendant was not "occupying" the vehicle at the time of the accident. (Dkt. No. 1 at 5). Plaintiff further asserts that Defendant was not covered by the Policy because of an exclusion for persons "using a vehicle without a reasonable belief he is entitled to do so." (Dkt. No. 1 at 5).

In the course of discovery, Defendant issued subpoenas to Movants seeking:

> all text messages, SMS/MMS messages, and other communications sent to or received from telephone numbers 803-394-8706, 843-819-0613, 843 901-3975, and 303-547-4941 during the period from April 7, 2021 through the present, including the complete content of each message, the date and time each message was sent or received, and the name or identification associated with that number in your contacts. You are further commanded to produce all records sufficient to identify every device, telephone number, mobile carrier, messaging application, or platform used by you to communicate with the number during the same period, as well as all call logs and call records reflecting telephone calls placed to or received from that number, including the date, time, and duration of each call.

(Dkt. Nos. 19-1, 19-2).

Thereafter, Movants filed the instant Motion to Quash, claiming that the subpoenas impose an undue burden on Movants because the requested documents are irrelevant to the claims or defenses in this case and are disproportionate to the needs of the case.

## II.     Legal Standard

Rule 45 of the Federal Rules of Civil Procedure "expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control." *In re Rule 45 Subpoena Issued to Robert K. Kochan*, No. 5:07-MC-44-BR, 2007 WL

4208555, at *4 (E.D.N.C. Nov. 26, 2007) (citing Fed. R. Civ. P. 45(a)(1)(C)). "The scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26." *Alston v. DIRECTV, Inc.*, No. 3:14-cv-04093-JMC, 2017 WL 1665418, at *2 (D.S.C. May 3, 2017); *see also HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (explaining the scope of discovery allowed under a Rule 45 subpoena is equivalent to the scope of discovery allowed under Rule 26). "Thus, regardless of whether the Court considers [Defendant]'s Motion under Rule 45 or Rule 26, the Court must review [Plaintiff]'s subpoena[ ] under the relevancy standards set forth in Rule 26(b)." *Singletary v. Sterling Transport Co.*, Inc., 289 F.R.D. 237, 240-41 (E.D. Va. 2012) (citations omitted) (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam)). Pursuant to Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 45 requires the court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "A subpoena that seeks information irrelevant to the case is a per se undue burden," and "[a] subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome." *Livingston Jr.*, 2020 WL 8167497, at *4. "The burden of proving that a subpoena is oppressive is on the party moving to quash." *Fleet Bus. Credit, LLC v. Solarcom, LLC*, No. Civ. AMD 05-901, 2005 WL 1025799, at *1 (D. Md. May 2, 2005) (internal quotation marks omitted). "When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612

(E.D. Va. 2008).  Determining whether a subpoena is unduly burdensome is within the discretion of the district court. *Bland v. Fairfax Cty.*, 275 F.R.D. 466, 468 (E.D. Va. 2011).

**III.     Discussion**

Movants argue that Defendant's subpoenas should be quashed since they impose an undue burden because they are overbroad and irrelevant. (Dkt. No. 19). Specifically, Movants contend the subpoenas are overbroad and irrelevant because they ask them "to search through more than five years of data with no limitations on scope or subject matter." *Id.* at 2. In opposition, Defendant argues that the subpoenas are necessary since whether he was occupying a covered vehicle is a central issue in this case as it bears directly on his insured status. (Dkt. No. 25 at 2–5). As such, he argues that Kale's practice of letting employees use vehicles is key to the claims and defenses in this case. *Id.* And therefore, he argues that he is entitled to receive the communication records between Levi Kale and Michael Wade Kale and other employees because it may evidence of a practice that employees were allowed to use the vehicles for personal use. *Id.*

The subpoenas impose an undue burden because they are overboard. As an initial matter, the Court notes that Movants have not supported their motion with "any showing, such as through affidavits, which sets out in detail the expenses which would be involved." *Vaughan Furniture Co. Inc. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 125 (M.D.N.C. 1994). Nevertheless, the Court finds that the subpoenas are overbroad because they are not limited to the subject matter of the claims or defenses in this case. *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (finding that the court may quash a subpoena duces tecum as overbroad if it "does not limit the [documents] requested to those containing subject matter relevant to the underlying action.") (quoting *In re Subpoena Duces Tecum to AOL,* 550 F.Supp.2d at 612 (upholding an order to quash a subpoena directed at nonparties because it was "overbroad to the extent that it does not limit the documents relevant to the claims or defenses)). The subpoenas make a blanket request for

4

all communication records associated with the telephone numbers.  (Dkt. Nos. 19-1, 19-2). Additionally, Defendant does not explain who the numbers belong to aside from saying they are "associated with Kelly and his co-workers over a period corresponding to his employment at Kale's." (Dkt. No. 25 at 3). Further, the subpoenas are also overbroad temporally because they request communications predating and after Defendant's employment with Kale's. (Dkt. Nos. 1, 1-4 (showing that Plaintiff began working at Kale's in September 2023 and by October 10, 2025, he was no longer working there)). As a result, the subpoenas impose an undue burden because they are overbroad. *In re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d at 612 ("a subpoena imposes an undue burden on a party when a subpoena is overbroad.").

However, the Court will modify the subpoenas because the requested information is central to a disputed issue in this case. This case is about Defendant's coverage under the Policy. The Court finds communications indicating whether Defendant had permission to use Kale's vehicles to be a disputed material issues in this case. *Crenshaw v. Harleysville Mut. Cas. Co.*, 144 S.E.2d 810, 812–13 (S.C. 1965) ("Consent to the use by an employee of his employer's automobile, outside the scope of his employment, will be implied only if there has been a course of conduct or a practice with the knowledge and acquiescence of the owner, such as would indicate to a reasonable mind that the employee had the right to assume permission under the particular circumstances.") (citation and internal quotation marks omitted). But since the subpoenas are overboard, the Court finds that modifying the temporal and subject matter scope of the subpoena is appropriate in this case. "Rule 45 gives the Court discretion to modify an overbroad subpoena as an alternative to quashing it." *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, No. 1:12-cv-27, 2014 WL 6686727, at *5 (M.D.N.C. Nov. 26, 2014). The Court therefore will modify the subpoenas so that they are limited to the duration of Defendant's employment with Kale's. The

Court will also limit them to the subject matter of this case and only to Defendant's communications with Levi Kale and Michael Wade Kale because they were his managers.

Lastly, Court declines to grant Defendant's request for attorney's fees or costs associated with this motion because it has not produced evidence that Kale's acted in bad faith or failed to "take reasonable steps to avoid imposing undue burden or expense" on Defendant. Fed. R. Civ. P. 45(d)(1); *see, e.g.*, *Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 1164920, at *11–12 (E.D.N.C. Mar. 9, 2020) (concluding that attorney's fees should not be awarded because the plaintiff's position, "while not ultimately adopted by the court, is reasonable").

## IV.    Conclusion

In light of the foregoing, Movants' Motion to Quash (Dkt. No. 19) is **GRANTED IN PART** and **DENIED IN PART**. The Court directs that the subpoenas be **MODIFIED** to limit the requested records to the period of Defendant's employment with Kale's. Further, the subpoenas shall be limited to communications on the requested numbers that are between Levi Kale and Michael Wade Kale and the Defendant. Additionally, the subject matter of these communications shall be limited to the Defendant's use of vehicles and the claims or defenses in this litigation. Lastly, to the extent that Defendant requests attorney' s fees for opposing the Motion to Quash that request is **DENIED**.

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

June 26, 2026
Charleston, South Carolina